## Franceschi v. Sinigaglia et al.

### Appeal from the District Court of Ponce.

No. 248.—Decided June 1, 1908.

Rescission of Sale—Failure to Pay Price Within the Time Agreed Upon.—Where a sale is made for a price to be paid in different installments, under the condition that failure to pay one of the installments within the time agreed upon will produce the rescission of the contract and render the total amount of the debt due, it is not necessary that the judicial or notarial demand provided for by section 1407 of the Revised Civil Code should be made, in order that the vendor may prosecute an action to secure the rescission of the same.

Action for Rescission—Demurrer—The Death of Defendant.—Where an action is filed on the erroneous supposition that the defendant is alive, and the plaintiff having filed a motion asking for the citation of his heirs in accordance with the provisions of section 69 of the Code of Civil Procedure, such a complaint is not defective because of the fact that it does not allege that the defendants are heirs of the first defendant since this allegation is contained in the motion praying for the substitution of the defendants, and both allegations must be construed together.

Id.—Complaint—Possession Alleged.—An allegation made in a complaint in an action for the rescission of a contract of purchase and sale to the effect that the contract of purchase and sale was executed by public deed, is equivalent to an allegation that the purchaser was placed in possession of the thing which was the object of the contract, inasmuch as in such a contract the execution of the deed is equivalent to delivery of the thing sold.

Appeal—Statement of the Case—Authenticity.—Where a statement of the case is not certified to by the judge, showing that it was approved by him, in compliance with the requirements of the law, it is not an authentic document, and under such circumstances this court cannot consider the evidence.

The facts are stated in the opinion.

Messrs. Boerman and Llorens for appellant.

Mr. Fernández Coronas for respondent.

Mr. Chief Justice Quiñones delivered the opinion of the court.

It is alleged in the complaint filed in the above-mentioned case that by public deed of October 5, 1906 the plaintiff, Pedro Franceschi y Antongiorgi, in his own right, sold to Sebastián Sinigaglia y Ammanuelli, the defendant in this case, four rural estates described therein, for the sum of $5,083.80 distributed among said estates in a given proportion as specified

in the complaint, the said sum remaining in the possession of
the vendee to be paid to the vendor in the following install-
ments: $650 on October 30, 1906; $1,180.45 on February 28,
1907, and a like sum on the same day and month of the years
1908, 1909, and 1910, without any interest whatsoever, under
the express condition that upon any installment falling due
and remaining unpaid, even though one or more of them
should have been paid, the sale would be rescinded without
any obligation on the part of the plaintiff, Franceschi, to make
any return, he, by this mere default, recovering the full owner-
ship of the said estates, the taxes assessed upon the real prop-
erty in question to be paid by the purchaser from the date of
the execution of said deed; and it was further agreed that the
usufruct assigned by the vendor to the vendee, with respect
to the estates the subject matter of the aforementioned trans-
action, would cease for the same causes as the principal obli-
gation—that is to say, upon default by the vendee in the pay-
ment of any of the installments stipulated for the payment of
the sale price, he would cease to be entitled to the usufruct of
the estates, and the sums which the purchaser might have paid
on account of the sale price would accrue to the vendor in com-
pensation for the products not received. It is likewise alleged
in the complaint that the installment of October 30, 1906, for
the sum of $650 and that of February 28, 1907, for the sum
of $1,180.45, having fallen due and demand having been made
on the debtor Sinigaglia for payment of both sums, he did not
pay them either in whole or in part, alleging that he lacked
the money with which to make payment, and consequently he
is indebted for the entire amount. On these grounds the plain-
tiff prayed that judgment be rendered in his favor, declaring
that the contract of purchase and sale and usufruct entered
into between the plaintiff and the defendant by public deed of
October 5, 1906, referred to, has been rescinded; and that the
defendant be ordered to deliver to the plaintiff the four tracts
of land, the subject matter of the contract in question, leaving
them at his disposal within the term of 20 days, he (the ven-

dee) being warned that in the event of his failure to do so, he would be ejected, with all the costs against him.

After the foregoing complaint had been filed the plaintiff presented a petition in the district court, stating that he had filed the aforementioned complaint against Sebastián Sinigaglia y Enmanuelli in the office of the clerk of said court praying for the rescission of a contract; that after the summons had issued under date of June 22 last, it could not be served, because the defendant had died on the 14th of said month of June in the town of Guayanilla in the said judicial district, as shown by the certificate of the record of death attached to said petition; and that, according to reliable information and as may be seen from the said certificate of death, the defendant died a bachelor, his only heirs being his legitimate parents, Luis Sinigaglia y Lazarini and Juana María Enmanuelli. And he prayed the court that, in accordance with the provisions of section 69 of the Civil Code [should be Code of Civil Procedure], an order issue to continue the proceedings in this case against the representatives or heirs of the deceased defendant—that is to say, his said parents, upon whom the summons should be served.

The defendants, Luis Sinigaglia y Lazarini and Juana María Enmanuelli, demurred to the foregoing complaint on the ground that it did not state facts sufficient to constitute the action for rescission brought therein, and the demurrer having been overruled they then made answer to the complaint denying all the allegations contained therein; and the trial was thereupon held, the District Court of Ponce rendering judgment admitting the complaint and declaring void the contract to which reference has been made, and further ordering that the land to which said contract refers, be delivered to the plaintiff. From this judgment counsel for the defendants took an appeal to this court.

The defendants based their demurrer to the complaint on two points: First, that the complaint does not allege that the vendor and plaintiff made any judicial or notarial demand on

the purchaser for the payment of the installments in arrears, without which requisite he has no cause of action to demand the rescission or cancellation of the sale in accordance with the provisions of section 1407 of the Civil Code; and, second, that the complaint also fails to allege that the defendants are the heirs of Sebastián Sinigaglia, that they are in possession of the property, and that they have such possession under the contract referred to in the complaint.

With respect to the first point, we may say that the defendants erroneously construe the provisions of section 1407 of the Civil Code. This section provides:

"In the sale of real property, even though it may have been stipulated that in the absence of the payment of the price within the time agreed upon, the rescission of the contract shall take place by full right, the vendee may pay, even after the expiration of the period, as long as he has not been summoned either judicially or by a notarial act. After the suit has been instituted the judge cannot grant him a further period."

It will be observed that the judicial or notarial demand to which the foregoing section refers is necessary only for the purpose of preventing the purchaser from availing himself of the right which said section grants him of paying the price agreed upon, even after the expiration of the term fixed; but such demand is not at all necessary for the exercise of the right of the vendor to request the rescission or cancellation of the sale in cases where it may have been stipulated for nonpayment of the price in due time. This first ground of the demurrer should therefore be overruled.

Let us examine the second ground. It is true that the complaint does not show that the present defendants, Luis Sinigaglia and Juana María Enmanuelli, are the heirs of Sebastián Sinigaglia, nor could such fact appear in the complaint because it was filed against the last named under the erroneous supposition that he was alive, but upon attempting to serve the summons it was found that he had died; where-

fore the plaintiff was obliged to have recourse to the right which section 69 of the Code of Civil Procedure confers upon him, by filing a petition to this end in which he not only alleges that the present defendants are the heirs of the deceased Sebastián Sinigaglia, but also his only heirs, and he prays that the summons be served upon them. As the complaint must be construed with reference to said petition, and the defendants so acknowledge, it must be admitted that the character of heirs of the said defendants is stated in the complaint, which is sufficient to constitute a cause of action in this connection; and with respect to the allegation that the complaint does not allege that the defendants are in possession of the property and that they hold such possession by virtue of the contract referred to therein, we are of the opinion that this fact is certainly stated in the complaint, inasmuch as it sets forth that the contract of purchase and sale referred to was entered into under a public instrument, which is equivalent to the allegation that the vendee was placed in possession of the thing the subject matter of the contract, because in contracts of this character the execution of a public deed is equivalent to the delivery of the thing sold, and as, on the other hand, the possession of hereditary property is understood to be transmitted to the heir without interruption at the moment of the death of the predecessor in interest whose personality the heir assumes with respect of all his transmissible rights and obligations, the conclusion must be reached that the complaint contains the allegation that the purchaser was placed in possession of the property the subject of the sale, that his heirs, the defendants in the case, now have such possession, and that they likewise hold it by virtue of the contract to which said complaint refers.

The demurrer was therefore properly overruled by the lower court, and this court must affirm its decision on this point.

With regard to the main question at issue, namely, the right asserted in the complaint and the liability which may

lie under it against the defendants in the character in which they have been sued as heirs of Sebastián Sinigaglia y Enmanuelli, we can say nothing, because as the statement of facts submitted by the appellants does not contain the certificate of the judge showing its approval by him with the other requisites prescribed by law, we lack the elements necessary for a review of the evidence for a decision as to whether or not the judgment was supported thereby; and consequently we can do nothing but affirm it, as it has not been opposed in the proper legal form.

For all these reasons the undersigned justice is of the opinion that the judgment appealed from of December 2, 1907, should be affirmed, with the costs against the appellants.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.